# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN J. SULLIVAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-CV-1578-ACL |
| BRADLEY BURD, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are various filings from plaintiff, including a complaint, several pieces of correspondence which the Court will construe as supplements to plaintiff's complaint, and plaintiff's motion to proceed in forma pauperis. Having reviewed the motion and the financial information submitted in support, the Court will grant plaintiff's motion to proceed in forma pauperis. As plaintiff is incarcerated, he will be assessed an initial partial filing fee of $10.08 in accordance with 28 U.S.C. § 1915(b)(1). Furthermore, for the reasons discussed below, the Court will order plaintiff to file an amended complaint on a court-provided form.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement (ECF No. 6) showing an average monthly balance of $50.42. The Court will therefore assess an initial partial filing fee of $10.08, twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint and Supplements

Plaintiff, an inmate at Farmington Correctional Center, filed this action under 42 U.S.C. § 1983 on September 17, 2018. It is not clear from the *pro se* complaint exactly who all plaintiff intended to name as defendants in this case. However, plaintiff does specifically allege violations by "Bradley Burd" (described by plaintiff as a Department of Corrections State of

Missouri case worker) and Unknown "Jenkins" (a prison employee).[1] Plaintiff's complaint does not state whether these defendants are being sued in their individual or official capacities. In general, plaintiff's complaint alleges that multiple prison guards have been mean and hateful to him – an "old man" who has a sickness. Plaintiff wants the Court to "charge the Prison with hate crimes" and human rights violations. He seeks $4,000 in damages. His original complaint (ECF No. 1) seems to focus on four main incidents or issues.

First, when plaintiff arrived at prison on September 5, 2017, he was put in "5 House" on full suicide watch. He was not provided with much clothing and his arms were bare. A window was left open and he was unable to close it, causing him to be very cold. Someone kicked the door every ten minutes throughout the night. He also claims he had no toilet paper. According to plaintiff, this treatment "was a hate crime." It is not clear from the complaint which defendant the plaintiff brings these accusations against.

Second, on August 19, 2018, plaintiff sought medical treatment for shortness of breath and a high temperature. He was chained around the waist with his left hand and feet bound in such a way that he could not raise his hand and could barely walk. His right hand was left out for an "IV." After being chained, plaintiff had to get into a van to be transported for medical care but he was provided no assistance by the guards, nor was there a handle or step stool for his use. According to plaintiff, it took him 20 to 30 minutes and required 5 to 6 attempts to get into the van before he was successful. As a result, plaintiff suffered bruising and pain. At the time of this incident, plaintiff's left leg was red and swollen from a blood clot, for which he was

---

[1] The caption on plaintiff's complaint states: "Bradley Burd 1389-4247 Sander Mental Health … Jenkins and Main Gate Garde." But on page 3 of the complaint, under the section for listing the Defendants in the action, plaintiff names only "Bradley Burd" and on the line for "Additional Defendant(s) and address(es):" he wrote "Sanders Mental Health Building 15." The Court Clerk docketed the case as against three named defendants: (1) Bradley Burd, (2) Sanders Mental Health Building, and (3) Unknown Jenkins. After reading the complaint and five supplemental filings from plaintiff, the Court questions whether "Sanders" is intended to be a named defendant or the address for defendant Burd. Also, it is unclear whether plaintiff seeks to name the 'Main Gate Guard' as a fourth defendant or if this wording is used as a description of Unknown Jenkins. As discussed below, plaintiff should clarify these issues and others in the filing of an amended complaint.

receiving treatment. Plaintiff alleges that the guards could have chained his feet after he got into the van or used plastic scraps as binding instead, but that he was treated in this manner purely out of hate. Seven days following this incident, plaintiff claims that his wrist still hurts and that he has bruises on his right hand and left leg. In his allegations relating to this incident, plaintiff specifically names Unknown Jenkins, although it is not clear what part Jenkins played in the incident.

Third, as to defendant Bradley Burd, plaintiff describes an incident where case worker Burd called plaintiff into his office and told him that he had to sign a piece of paper and if he did not, Burd would send him to another "camp." Plaintiff states that he did not read the paper and he does not describe its contents. Plaintiff alleges that he tried to file a grievance about this incident but he was denied a form and that by the time he could file, he was moved to a new area and "would have to start over."

Fourth, plaintiff alleges in his complaint that his legal mail is being held and not mailed by the prison. Plaintiff does not specify which defendant he brings these allegations against.

Following the filing of his complaint, plaintiff filed five additional letters with the Court which have been construed as supplements to his complaint. Two of the supplements again detail the incidents which occurred on September 5 and August 19. ECF Nos. 5, 9. As for defendant Jenkins, plaintiff states that Jenkins "sent a man to the hospital" (presumably to confine plaintiff for transport back to the prison) and that Jenkins was waiting for him to get back to the "Gate" to make sure that plaintiff was in the "Black Box." Plaintiff also filed exhibits regarding his "legal mail" being held. ECF No. 5 at 5-7. Three of the supplements filed by plaintiff inform the Court that he still suffers from lingering injuries from the August 19 incident. ECF Nos. 8, 10, 11. Plaintiff alleges that 128 days after the August incident, his left wrist is still bruised and he has damage to his arm with a "vein or nerve or tendon," causing pain

down his arm.  Plaintiff asks the Court to order that he get a wrist X-ray, which he was supposed to have already gotten but has not.  He also would like his wrist examined at a "real hospital."  Plaintiff does not articulate exactly which defendant has purportedly denied him medical care.  ECF No. 11.

**Discussion**

Because plaintiff's allegations are spread throughout several pleadings and are at times unconnected to any of the named defendants, it is difficult for the Court to review his assertions pursuant to 28 U.S.C. § 1915.   However, because many of the claims are serious in nature, the Court will provide plaintiff an opportunity to amend his allegations.  Accordingly, plaintiff will be required to file an amended complaint, on a court-provided form, containing all of the allegations he wishes to bring against all defendants.  Simply put, **all** claims in this action must be included in one, centralized complaint form.  Plaintiff must follow the Court's instructions relating to the filing of his amended complaint, as set forth below, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought.  Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must also clearly state the defendants which he is pursuing allegations against, and he must articulate, **for each of those defendants**, the factual circumstances surrounding their alleged wrongful conduct.  Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from this case.   Plaintiff should also

articulate in what capacity he is bringing claims against defendants, whether it is in their official or individual capacities or both. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

Plaintiff shall have twenty-one (21) days from the date of this Order to file his amended complaint. Plaintiff is warned that the filing of the amended complaint **completely replaces** the original complaint and all previously-filed supplements, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his amended complaint within twenty-one (21) days, the Court will dismiss this action without prejudice.

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $10.08 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within **twenty-one (21) days** of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on the court-provided form no later than **twenty-one (21) days** from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

Dated this 16th day of January, 2019.

*/s/ Abbie Crites-Leoni*
_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE