UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN J. SULLIVAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1578 ACL |
| | ) |
| BRADLEY BURD, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on *pro se* plaintiff John J. Sullivan's amended complaint. After reviewing the amended complaint pursuant to 28 U.S.C. § 1915, the Court finds that the amended complaint again fails to state a legally cognizable claim. The Court will require plaintiff to file a second amended complaint on a court-provided form. Plaintiff's failure to state a cognizable claim in his second amended complaint will result in dismissal of this action without prejudice.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal

conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Tabor*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**Background**

Plaintiff, currently incarcerated at Farmington Correctional Center ("FCC"), brings this action under 42 U.S.C. § 1983. Plaintiff's initial complaint focused on four main alleged incidents or issues: (1) his treatment upon arriving at FCC; (2) his treatment by guards when he had to go to hospital in August 2018; (3) a threat from a FCC case worker; and (4) a belief that his legal mail was being held by FCC. It was not clear exactly who plaintiff intended to name as defendants in his initial complaint or in what capacity the defendants were being sued. Following the filing of his complaint, plaintiff filed five additional letters which elaborated on the same allegations raised in the complaint.

The Court attempted to review plaintiff's complaint and supplements pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915. However, given the unconnected nature of the allegations and the confusion on who plaintiff intended to name as defendants, on January 16,

2019, the Court ordered plaintiff to file an amended complaint. The Court stated that it would review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. On January 24, 2019, plaintiff filed another supplement and on January 31, 2019, he filed an amended complaint.

## The Amended Complaint

Plaintiff names only one defendant in his amended complaint, Jenkins, a correctional officer at FCC. He brings this suit against Jenkins in both his individual and official capacities. Plaintiff's amended complaint only mentions one of the four incidents raised in his original complaint – the method in which he was restrained for transport when he went to the hospital in August 2018. Plaintiff describes how he was transported to the hospital via ambulance with his left hand chained to a rail and his feet chained together. At the hospital he had an X-ray, some shots in his stomach, and was put in a round tube (likely an MRI) with his hands chained together over his head. When it was time to leave the hospital "a man" arrived with a "Black Box."[1] Plaintiff's hands and feet were restrained with handcuffs, the black box, and a waist chain. According to plaintiff, there was no handle or foot stool to help him get into the van for transport back to FCC. Plaintiff asserts that he fell two or three times and it took him five to six tries to get into the van. He was finally able to crawl in on his knees and elbows.

As a result of his difficulties getting into the van due to the black box, plaintiff suffered injuries to his right hand and left wrist. As of January 2019 (approximately five months after the incident), plaintiff alleges that his left wrist is still bruised and painful. He says that he had an x-ray of his wrist in December that showed results within "acceptable limits." However, plaintiff says the pain is getting worse and he wants to see a specialist.

---

[1] Presumably plaintiff is referring to the practice of using "black box" restraints, as described by one court as "a rectangular device measuring approximately four inches by three inches" that "[w]hen placed over the chain of a pair of handcuffs, it both limits a prisoner's ability to move his hands, and prevents access to the handcuff's keyholes." *Davis v. Peters*, 566 F.Supp.2d 790, 798 (N.D. Ill. 2008).

According to plaintiff, correctional officer Jenkins was at the prison gate upon his return to FCC from the hospital. He alleges Jenkins wanted to "make sure [he] was in the Black Box." Plaintiff asserts that Jenkins ordered that the Black Box be used on him. Plaintiff seeks two million dollars in damages.

**Discussion**

Plaintiff brings his amended complaint against defendant Jenkins in both his official and individual capacities. To state a claim against a prison employee like Jenkins in his official capacity, plaintiff must allege that a policy or custom of Jenkins' employer was responsible for the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Plaintiff's amended complaint does not specifically mention a policy or custom. Liberally construing plaintiff's *pro se* complaint, however, the Court discerns that plaintiff complains about an alleged prison policy of using a black box restraint when transporting prisoners outside the prison. Plaintiff's amended complaint seems to allege that the use of such a restraint – which caused him pain and physical injury – is cruel and unusual punishment under the Eighth Amendment.[2]

The Eighth Amendment's prohibition on cruel and unusual punishment, as applied to States through the fourteenth amendment, limits the conditions in which a State may confine convicted criminals. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)).

---

[2] "If the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotations and citation omitted).

Courts have considered whether the use of black box restraints violates the Eighth Amendment. The Fifth Circuit held that a prison policy requiring the use of black boxes when prisoners were being transported outside the prison did not violate the Eighth Amendment. *Fulford v. King*, 692 F.2d 11, 14 (5th Cir. 1982). In so holding, the Fifth Circuit recognized that the black box caused discomfort but found that the additional security provided by the black box was justified when prisoners were being transported outside the prison, due to the greater risk of escape and the reduced number of guards available during transport. *Id.* The discomfort "such as numbness of the arms and temporary marks" caused by the black box, was distinguished from a situation where the "prisoners are exposed to great pain or [where] any of their discomfort is occasioned either deliberately, as punishment, or mindlessly, with indifference to the prisoners' humanity." *Id.* at 14-15.

The Eighth Circuit expressed its agreement with the Fifth Circuit in a factually similar case to this one. In *Moody v. Proctor*, 986 F.2d 239, 240 (8th Cir. 1993), an inmate alleged violations of his Eighth Amendment rights against defendant correctional officers who had lifted the plaintiff into a prison van for transport on several occasions while he was restrained with handcuffs and a black box. According to the plaintiff, he suffered pain and injuries to his wrists. The Eighth Circuit said it was "persuaded" by the Fifth Circuit's reasoning in *Fulford*, and ultimately held that the procedure of using a black box during transport of prisoners did not constitute cruel and unusual punishment. *Id.* at 241-42. *See also Knox v. McGinnis*, 998 F.2d 1405, 1412 (7th Cir. 1993) ("The case law thus fails to delineate a right to be free from the use of the black box or other restrictive devices while a segregation prisoner is outside the segregation unit."). Based on the circumstances presented, the appellate court found there was "no evidence that defendants acted maliciously and sadistically, or with deliberate indifference." *Id.* (internal citations omitted).

In this case, plaintiff does not simply allege that the use of the black box during transport was cruel and unusual punishment. Instead, he suggests that use of the black box restraint plus the lack of a step stool or handle for assistance into the transport van, constituted intentionally malicious punishment. This raises the question of whether any of plaintiff's discomfort and pain was "occasioned either deliberately, as punishment, or mindlessly, with indifference to the prisoners' humanity." *Fulford*, 692 F.2d at 14-15. Plaintiff identified a single defendant in his amended complaint, that being correctional officer Jenkins.[3]

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). According to the facts alleged by plaintiff, Jenkins was not present when plaintiff was restrained with the black box and loaded into the van for transport back to FCC. Jenkins ordered that the transport guards use the black box and Jenkins confirmed its use at the prison gate upon re-entry, but Jenkins was not present and did not participate in the loading of plaintiff while he was restrained into the van for transport. The amended complaint suggests that the defendant should have been given assistance as he was loading into the van. Even so, it is unclear from plaintiff's amended complaint how Jenkins was personally involved or directly responsible for the difficulties the black box caused when plaintiff entered the van.

Because plaintiff is proceeding *pro se* and his claim is serious in nature, the Court will not dismiss the case at this time but will give plaintiff an opportunity to file a second amended

---

[3] The Court notes that plaintiff identified multiple defendants in his initial complaint (ECF No. 1), but it was unclear exactly who he was naming and in what capacity. Consequently, plaintiff was warned that his amended complaint would completely replace the original complaint (ECF No. 13). The amended complaint names only Defendant Jenkins.

complaint.  The second amended complaint must be on a court-provided form and must contain **all** of the allegations plaintiff wishes to bring against **all** defendants.  Plaintiff must clearly state the defendants which he is pursuing allegations against, and he must articulate, for each of those defendants, the factual circumstances surrounding their alleged wrongful conduct.  Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.  Plaintiff should also articulate in what capacity he is bringing his claims against all defendants, whether it is in their official or individual capacities or both.  *See Monell,* 436 U.S. at 690-91.

Plaintiff shall have twenty-one (21) days from the date of this Order to file a second amended complaint.  Plaintiff is warned that the filing of the second amended complaint **completely replaces** the original complaint, amended complaint, and all supplemental filings with the Court.  Claims that are not re-alleged are deemed abandoned.  *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiff fails to file his second amended complaint within twenty-one (21) days, the Court will dismiss this action without prejudice.

After the filing of plaintiff's second amended complaint, the Court will review the second amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim.  A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Memorandum and Order, plaintiff shall submit a second amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file a second amended complaint or fails to comply with the instructions set forth above relating to the filing of the second amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon submission of the second amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of March, 2019.