# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN J. SULLIVAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-CV-1578 ACL ) |
| BRADLEY BURD, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of *pro se* plaintiff John J. Sullivan's second amended complaint under 28 U.S.C. § 1915. For the reasons discussed below, the Court finds that the second amended complaint fails to state a claim for relief against the named defendants. However, because plaintiff does state a valid Eighth Amendment claim but names the wrong defendants, the Court will give plaintiff an opportunity to file a third amended complaint on the court-provided form and in accordance with the Court's instructions. Plaintiff's failure to state a cognizable claim in his third amended complaint will result in dismissal of this action without prejudice.

## Legal Standard for Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**Background**

Plaintiff, currently incarcerated at Farmington Correctional Center ("FCC"), brings this action under 42 U.S.C. § 1983. Plaintiff's initial complaint focused on four main alleged incidents or issues: (1) his treatment upon arriving at FCC; (2) his treatment by guards when he had to go to hospital in August 2018; (3) a threat from a FCC case worker; and (4) a belief that his legal mail was being held by FCC. It was not clear exactly who plaintiff intended to name as defendants in his initial complaint or in what capacity the defendants were being sued. Following the filing of his complaint, plaintiff filed five additional letters which elaborated on the same allegations raised in the complaint. The Court attempted to review plaintiff's complaint and supplements pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915. However,

given the unconnected nature of the allegations and the confusion on who plaintiff intended to name as defendants, on January 16, 2019, the Court ordered plaintiff to file an amended complaint.

Plaintiff's amended complaint named one defendant, Jenkins, a guard/correctional officer at FCC. The amended complaint focused on only one of the four incidents raised in the original complaint – the method in which plaintiff was restrained with handcuffs, a waist chain, and a "Black Box"[1] when being transported between the hospital and FCC in August 2018. Despite the numerous restraints on his hands and legs, plaintiff was provided no assistance nor was there a handle or step stool to help him get into the transport van. As a result, he fell two or three times and it took him five to six tries to get into the van. Plaintiff suffered injuries to his right hand and left wrist that persisted five months later. Plaintiff asserted that Jenkins ordered that the black box be used on him during transport and that Jenkins was at the prison gate upon plaintiff's return to FCC from the hospital, in order to confirm its use.

When the Court reviewed the amended complaint under 28 U.S.C. § 1915, it found that plaintiff had not alleged how Jenkins was personally involved or directly responsible for the difficulties the black box caused when plaintiff entered the van without assistance, as required for liability under § 1983. On March 5, 2019, the Court gave plaintiff a second opportunity to file an amended complaint. The Court warned plaintiff that his second amended complaint would again be reviewed under 28 U.S.C. § 1915, and that a failure to comply with the Court's instructions would result in the dismissal of this action without prejudice. Plaintiff filed his second amended complaint on March 25, 2019.

---

[1] Presumably plaintiff is referring to the practice of using "black box" restraints, as described by one court as "a rectangular device measuring approximately four inches by three inches" that "[w]hen placed over the chain of a pair of handcuffs, it both limits a prisoner's ability to move his hands, and prevents access to the handcuff's keyholes." *Davis v. Peters*, 566 F.Supp.2d 790, 798 (N.D. Ill. 2008).

**The Second Amended Complaint**

Plaintiff brings his second amended complaint under 42 U.S.C. § 1983 against two defendants: Missouri Department of Corrections ("MDOC") and FCC guard/correctional officer Jenkins. Like in his amended complaint, plaintiff's allegations relate to the black box restraint incident that occurred in August 2018. Plaintiff describes how he was transported to the hospital via ambulance with his left hand chained to a rail and his feet chained together. For his return transport to FCC, plaintiff's hands and feet were chained and he had "that Black on" – the black box restraint. ECF No. 21 at 3, 21-1 at 2. Due to the restraints, it took plaintiff multiple attempts to get himself into the red MDOC van and the attempts resulted in injuries to his hands and wrists.[2] Plaintiff asserts that as of March 2018 (seven months later), his wrist is still bruised and sometimes feels numb. Plaintiff states that the van had no handle or step to help him get into it. Plaintiff asserts that MDOC is at fault for not providing an accessible van for someone restrained "with that Black Box." ECF No. 21-1 at 4.

Plaintiff does not mention defendant Jenkins in the statement of claim section of his second amended complaint, only in the attachments to the complaint. Plaintiff states that Jenkins was "not at medical or the hospital only at the gate" but that Jenkins "should not have sent a man with that black box to the hospital." According to plaintiff, Jenkins told him that he was lucky "it was not him who put [the restraints, including the black box] on" plaintiff. ECF No. 21-1 at 2 & 4. Plaintiff alleges that Jenkins is at "fault for not giving [him] a way to get in that red van and for hurting" him. *Id.* at 4.

Plaintiff seeks two million dollars in damages.

---

[2] Plaintiff includes details in his second amended complaint about the allegedly inadequate medical care he has received at FCC for the injuries to his hands and wrists that resulted from the transport incident. These deliberate indifference allegations (and others) were raised by plaintiff against a FCC nurse and the prison medical department in a separate lawsuit filed by plaintiff in this Court. *See Sullivan a. State of Missouri et al.*, No. 4:18-cv-1816-JMB (filed Oct. 23, 2018). That suit was dismissed on March 14, 2019, for failure to state a claim for relief. ECF No. 20.

**Discussion**

The Eighth Amendment's prohibition on cruel and unusual punishment, as applied to States through the fourteenth amendment, limits the conditions in which a State may confine convicted criminals. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)).

Courts have considered whether the use of black box restraints violates the Eighth Amendment. The Fifth Circuit held that a prison policy requiring the use of black boxes when prisoners were being transported outside the prison did not violate the Eighth Amendment. *Fulford v. King*, 692 F.2d 11, 14 (5th Cir. 1982). In so holding, the Fifth Circuit recognized that the black box caused discomfort but found that the additional security provided by the black box was justified when prisoners were being transported outside the prison, due to the greater risk of escape and the reduced number of guards available during transport. *Id.* The discomfort "such as numbness of the arms and temporary marks" caused by the black box, was distinguished from a situation where the "prisoners are exposed to great pain or [where] any of their discomfort is occasioned either deliberately, as punishment, or mindlessly, with indifference to the prisoners' humanity." *Id.* at 14-15.

The Eighth Circuit expressed its agreement with the Fifth Circuit in a factually similar case to this one. In *Moody v. Proctor*, 986 F.2d 239, 240 (8th Cir. 1993), an inmate alleged violations of his Eighth Amendment rights against defendant correctional officers who had lifted the plaintiff into a prison van for transport on several occasions while he was restrained with handcuffs and a black box. According to the plaintiff, he suffered pain and injuries to his wrists.

The Eighth Circuit said it was "persuaded" by the Fifth Circuit's reasoning in *Fulford*, and ultimately held that the procedure of using a black box during transport of prisoners did not constitute cruel and unusual punishment. *Id.* at 241-42. *See also Knox v. McGinnis*, 998 F.2d 1405, 1412 (7th Cir. 1993) ("The case law thus fails to delineate a right to be free from the use of the black box or other restrictive devices while a segregation prisoner is outside the segregation unit."). Based on the circumstances presented, the appellate court found there was "no evidence that defendants acted maliciously and sadistically, or with deliberate indifference." *Id.* (internal citations omitted).

In this case, plaintiff does not simply allege that the use of the black box during transport was cruel and unusual punishment. Instead, he argues that use of the black box restraint plus the lack of assistance or an accessible van for transport, constituted intentionally malicious punishment. The Court finds that plaintiff has plead sufficient facts to raise a legitimate Eighth Amendment question of whether any of plaintiff's discomfort and pain was "occasioned either deliberately, as punishment, or mindlessly, with indifference to the prisoners' humanity." *Fulford*, 692 F.2d at 14-15. However, plaintiff names the wrong defendants in this action.

Plaintiff brings suit against correctional officer Jenkins in both his individual and official capacities. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

Liberally construing the allegations of plaintiff's *pro se* complaint, plaintiff asserts that Jenkins: (1) sent an officer to the hospital to make sure that plaintiff was confined with the black box restraint; and (2) was present at the prison gate upon plaintiff's reentry to confirm that the

black box had been used. However, plaintiff concedes that Jenkins was not present when the black box was put on him, nor was Jenkins present when plaintiff had difficulties getting into the transport van.

As discussed above, the use of black box restraints during transport is not an Eighth Amendment violation. *Moody*, 986 F.2d at 241-42. The fact that Jenkins ordered the use of the black box is not alone enough to state an Eighth Amendment claim. Plaintiff pleads no facts from which the Court could find that Jenkins was personally involved or directly responsible for the embarrassment and injury that plaintiff suffered while trying to get himself into the MDOC van to return to FCC. Because Jenkins was not the one who actually used the black box on plaintiff, no argument can be made that Jenkins acted maliciously and sadistically in his use of the black box restraints on plaintiff.

The Missouri Department of Corrections is also not the proper party in interest in this action. The complaint fails to state a claim against the MDOC because an agency exercising state power is not a "person" subject to a suit under § 1983. *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding that a State is not a "person" within the meaning of § 1983).

To "state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff alleges that he was treated with cruel and unusual punishment based on the MDOC's procedure of using black box restraints for transport but then not providing access to the van when restrained. Even so, the second amended complaint is insufficient because plaintiff does not bring suit against any party that was present when he was black-box restrained without

assistance, nor does he name any supervisor, warden, or director responsible for procedure or training at FCC.

In order to state a claim under § 1983 against a government official, plaintiff must plead that the government official personally violated his constitutional rights. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). Although "the doctrine of respondeat superior does not apply to § 1983 cases, a supervisor may still be liable under § 1983 if either his direct action or his 'failure to properly supervise and train the offending employee' caused the constitutional violation at issue." *Jackson*, 747 F.3d at 543 (quoting *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001); *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989)).

In light of the seriousness of plaintiff's allegations and the fact that plaintiff has plead sufficient facts to raise a legitimate Eighth Amendment question, the Court will allow plaintiff thirty days to file a third amended complaint in order to name one or more directly responsible defendants, who qualify as a "person" subject to a suit under § 1983. Plaintiff is warned that the filing of the third amended complaint **completely replaces** the original complaint, all amended complaints, and all supplemental filings with the Court. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his third amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

After the filing of plaintiff's third amended complaint, the Court will review the third amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** from the date of this Memorandum and Order, plaintiff shall submit a third amended complaint on the court-provided form and in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that if plaintiff fails to file a timely third amended complaint or fails to comply with the instructions set forth above relating to the filing of the third amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon submission of the third amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of April, 2019.