UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN J. SULLIVAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1578 ACL |
| | ) |
| BRADLEY BURD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of *pro se* plaintiff John J. Sullivan's third amended complaint under 28 U.S.C. § 1915. For the reasons discussed below, the Court will dismiss without prejudice plaintiff's official capacity claims against all defendants. However, the Court will direct the Clerk of Court to issue process upon the third amended complaint as to defendants Brewer, Swan, and John Doe in their individual capacities, on plaintiff's Eighth Amendment claims.

### Legal Standard for Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a

complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**Background**

Plaintiff, currently incarcerated at Farmington Correctional Center ("FCC"), brings this action under 42 U.S.C. § 1983. The allegations of plaintiff's initial complaint (ECF No. 1), amended complaint (ECF No. 15), and second amended complaint (ECF No. 21) have been discussed in detail in the Court's prior orders and need not be repeated here. *See* ECF Nos. 13, 20, & 22. In summary, the prior complaints varied in the defendants named but they all focused on one main incident: the restraint of plaintiff with handcuffs, a waist chain, and a "black box"[1] by FCC correctional officers who then provided no assistance to plaintiff as he struggled to get into the transport van to return to FCC after a trip to a local hospital in August 2018.

---

[1] Plaintiff is referring to the practice of using "black box" restraints, as described by one court as "a rectangular device measuring approximately four inches by three inches" that "[w]hen placed over the chain of a pair of handcuffs, it both limits a prisoner's ability to move his hands, and prevents access to the handcuff's keyholes." *Davis v. Peters*, 566 F.Supp.2d 790, 798 (N.D. Ill. 2008).

The Court reviewed plaintiff's prior complaints and supplements pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, but found the pleadings deficient. However, in light of the seriousness of plaintiff's allegations and the fact that plaintiff had plead sufficient facts to raise a legitimate Eighth Amendment question, the Court allowed plaintiff opportunities to amended his allegations. On April 16, 2019, the Court granted plaintiff a final opportunity to file a third amended complaint that names one or more directly responsible defendants, who qualify as a "person" subject to a suit under § 1983. The Court warned plaintiff that his third amended complaint would again be reviewed under 28 U.S.C. § 1915, and that a failure to comply with the Court's instructions would result in the dismissal of this action without prejudice. Plaintiff filed his third amended complaint on May 16, 2019.

**The Third Amended Complaint**

Plaintiff brings his third amended complaint under 42 U.S.C. § 1983 against seven defendants: (1) FCC correctional officer Brewer; (2) FCC correctional officer Swan; (3) FCC correctional officer Jenkins;[2] (4) FCC correctional officer John Doe; (5) FCC Deputy Warden; (6) FCC Assistant Warden; and (7) FCC Warden Terri Lawson. Plaintiff sues correctional officers Brewer, Swan, and John Doe in both their individual and official capacities. However, he sues correctional officer Jenkins, Deputy Warden, Assistant Warden, and Warden Lawson in their official capacities only.

Like his prior complaints, plaintiff's allegations relate to the black box restraint incident that occurred in August 2018. Plaintiff was taken to a local hospital for medical treatment for a blood clot in his left leg. For transport back to FCC after treatment, plaintiff was "belly chained,

---

[2] Plaintiff names FCC correctional officer "Jenkins" in all three of his prior complaints, however in his third amended complaint he names a FCC correctional officer "Jenkeins." ECF No. 23. Based on the allegations of the third amended complaint, these defendants are one in the same. The Court will use the spelling used in the prior complaints and orders.

ankle shackled, handcuffed, and 'black boxed.'" ECF No. 23 at 5. "Officers that were present did not assist [plaintiff] in any way, shape, or form in getting into the non-handicap accessible van used for transport." *Id.* Plaintiff had "to crawl and wiggle his way into the van and onto a seat," resulting in numerous injuries. *Id.*

Sixty-four-year-old plaintiff alleges that FCC correctional officers Brewer, Swan, and John Doe were all present when plaintiff struggled for 15-30 minutes to get himself into the transport van without assistance. Brewer stood outside the van watching plaintiff struggle and provided no assistance. Swan, the van driver, sat in the driver's seat and offered no assistance. FCC correctional officer John Doe was sent to the hospital by officer Jenkins to put the "black box" restraint on plaintiff. Plaintiff states that John Doe could have waited until after plaintiff was in the transport van to put the black box on him, but that John Doe chose to restrain him with the black box before being loaded into the van. John Doe then watched plaintiff struggle to get into the van without providing any assistance or removing the black box.

Plaintiff asserts that FCC correctional officer Jenkins was the "official" who ordered that the black box be used during transport and that Jenkins was at the prison gate upon plaintiff's return to FCC from the hospital, in order to confirm its use. Furthermore, plaintiff alleges that Jenkins responded with "complete indifference" when plaintiff complained to Jenkins about the way he was restrained with the black box and then provided no assistance into the van. Jenkins even threatened to punish plaintiff if plaintiff did not stop complaining. ECF No. 23 at 5.

Plaintiff alleges that FCC Warden Terri Lawson, unnamed FCC Deputy Warden, and unnamed FCC Assistant Warden are all responsible for his injuries because of "their ability to verify the qualifications of transport staff as well as to ensure policy is followed with the humanity of offenders to be kept in mind." ECF No. 23 at 7. Plaintiff also asserts that these FCC officials incorrectly handled the institution grievances filed by plaintiff on this matter.

As a result of his struggle to get into the van while restrained, plaintiff sustained numerous injuries including scrapes and bruises to his knees, elbows, forearms, wrists, and hands. Plaintiff presumes he also experienced an elevated pulse and heart rate. As of May 2019, nine months after the incident, plaintiff states that he still has bruising, numbness, pain, and possible nerve damage in his left wrist.[3] ECF No. 23 at 6-7.

For relief, plaintiff seeks two million dollars in damages.

## Discussion

The Eighth Amendment's prohibition on cruel and unusual punishment, as applied to States through the fourteenth amendment, limits the conditions in which a State may confine convicted criminals. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)).

Courts have considered whether the use of black box restraints violates the Eighth Amendment. The Fifth Circuit held that a prison policy requiring the use of black boxes when prisoners were being transported outside the prison did not violate the Eighth Amendment. *Fulford v. King*, 692 F.2d 11, 14 (5th Cir. 1982). In so holding, the Fifth Circuit recognized that the black box caused discomfort but found that the additional security provided by the black box was justified when prisoners were being transported outside the prison, due to the greater risk of escape and the reduced number of guards available during transport. *Id.* The discomfort "such as numbness of the arms and temporary marks" caused by the black box, was distinguished from a

---
[3] Plaintiff states in his third amended complaint that he has not received proper medical care for the injuries he sustained as a result of the black box restraint incident. These deliberate indifference allegations (and others) were raised by plaintiff against a FCC nurse and the prison medical department in a separate lawsuit filed by plaintiff in this Court. *See Sullivan v. State of Missouri et al.*, No. 4:18-cv-1816-JMB (filed Oct. 23, 2018). That suit was dismissed on March 14, 2019, for failure to state a claim for relief. ECF No. 20.

- 5 -

situation where the "prisoners are exposed to great pain or [where] any of their discomfort is occasioned either deliberately, as punishment, or mindlessly, with indifference to the prisoners' humanity." *Id.* at 14-15.

The Eighth Circuit expressed its agreement with the Fifth Circuit in a factually similar case to this one. In *Moody v. Proctor*, 986 F.2d 239, 240 (8th Cir. 1993), an inmate alleged violations of his Eighth Amendment rights against defendant correctional officers who had lifted the plaintiff into a prison van for transport on several occasions while he was restrained with handcuffs and a black box. According to the plaintiff, he suffered pain and injuries to his wrists. The Eighth Circuit said it was "persuaded" by the Fifth Circuit's reasoning in *Fulford*, and ultimately held that the procedure of using a black box during transport of prisoners did not constitute cruel and unusual punishment. *Id.* at 241-42. *See also Knox v. McGinnis*, 998 F.2d 1405, 1412 (7th Cir. 1993) ("The case law thus fails to delineate a right to be free from the use of the black box or other restrictive devices while a segregation prisoner is outside the segregation unit."). Based on the circumstances presented, the appellate court found there was "no evidence that defendants acted maliciously and sadistically, or with deliberate indifference." *Moody*, 986 F.2d at 241-42 (internal citations omitted).

1. *Official Capacity Claims against all defendants*

Plaintiff brings suit against all seven defendants in their official capacities. These official capacity claims must be dismissed. Defendants are all employees at FCC, a Missouri Department of Corrections facility. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a

result, plaintiff's claims against defendants in their official capacities fail to state a claim upon which relief may be granted and are subject to dismissal.

   2. *Individual Capacity Claims against Brewer, Swan, and John Doe*

Plaintiff brings suit against correctional officers Brewer, Swan, and John Doe in their individual capacities as well.[4] "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). In order to state a claim under Section 1983 against a government official, plaintiff must plead that the government official personally violated his constitutional rights. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676).

Here, plaintiff asserts that FCC officers Brewer, Swan, and John Doe[5] were present when plaintiff was restrained with a belly chain, ankle shackles, handcuffs, and a black box; observed plaintiff struggle for 15-30 minutes to get himself into the van for transport; and failed to offer any form of assistance to plaintiff. These defendant officers were all personally involved and

---

[4] On the last page of the filing containing plaintiff's third amended complaint, plaintiff includes a letter written by an FCC "certified paralegal" who assisted plaintiff in the drafting of his third amended complaint. *See* ECF No. 23 at 14. In this letter, the paralegal states that "[w]ithout an order from this court for the [FCC] institution to release the names and other information needed to properly name all defendants in this matter, [plaintiff] will fail to properly name all defendants he believes liable." *Id.* To the extent that this statement implies that plaintiff seeks to include other John Doe defendants in this matter, this is impermissible. Such defendants are both unidentified and indeterminate in number. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). In addition, the third amended complaint contains no details about how these possible other defendants contributed to the constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Therefore, to the extent plaintiff can be understood as attempting to name additional fictitious parties as defendants, the complaint is legally frivolous and/or fails to state a claim upon which relief can be granted as to these additional fictitious defendants.

[5] The Court notes that plaintiff alleges that FCC refuses to identify correctional officer John Doe by name. ECF No. 23 at 5. In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, as to defendant John Doe, plaintiff provides sufficient specific allegations to permit the identity of this John Doe defendant to be named after reasonable discovery.

directly responsible for the embarrassment and injury that plaintiff suffered while trying to get himself into the van to return to FCC.

Plaintiff is not simply alleging that the FCC officers' use of the black box during transport was cruel and unusual punishment. Instead, he argues that use of the black box restraint plus the lack of assistance or an accessible van for transport, constituted intentionally malicious punishment or deliberate indifference. The Court finds that plaintiff has plead sufficient facts to raise a legitimate Eighth Amendment question of whether any of plaintiff's discomfort and pain was "occasioned either deliberately, as punishment, or mindlessly, with indifference to the prisoners' humanity." *Fulford*, 692 F.2d at 14-15. The Court will direct the Clerk to issue process against defendants Brewer, Swan, and John Doe on plaintiff's Eighth Amendment claims that these defendants acted maliciously and sadistically, or with deliberate indifference. *See Moody*, 986 F.2d at 241-42.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's official capacity claims against all defendants are **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). Defendants Unknown Jenkins, Unknown Deputy Warden, Unknown Assistant Warden, and Warden Terri Lawson are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the third amended complaint as to defendants Unknown Brewer, Unknown Swan, and John Doe, with regard to plaintiff's Eighth Amendment claims brought against these defendants in their individual capacities. Defendants shall be served with process in accordance with the waiver agreement the Court maintains with the Missouri Attorney General's Office for service on Missouri Department of Corrections Employees.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

An Order of Partial Dismissal will accompany this Memorandum and Order.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of July, 2019.