UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN J. SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-1578 ACL |
| ) | |
| BRADLEY BURD, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss filed by defendants Michael W. Brewer and Sheila L. Swain.[1] ECF No. 32. There has been no response from *pro se* plaintiff John J. Sullivan, and the time for responding has now passed. For the reasons discussed below, the motion will be denied and the Court will issue a case management order in this case by separate order.

## Background

Plaintiff, currently incarcerated at Farmington Correctional Center ("FCC"), brings this action under 42 U.S.C. § 1983. The allegations of plaintiff's third amended complaint are focused on a "black box"[2] restraint incident that occurred in August 2018. Plaintiff was taken to a local hospital for medical treatment for a blood clot in his left leg. For transport back to FCC after treatment, plaintiff was "belly chained, ankle shackled, handcuffed, and 'black boxed.'" ECF No. 23 at 5. "Officers that were present did not assist [plaintiff] in any way, shape, or form in getting

---

[1] The Court will direct the Clerk of Court to replace the names "Unknown Brewer" and "Unknown Swan" on the docket sheet with the full and correct names of the defendants, as provided in their responsive pleadings. *See* ECF No. 30.

[2] Plaintiff is referring to the practice of using "black box" restraints, as described by one court as "a rectangular device measuring approximately four inches by three inches" that "[w]hen placed over the chain of a pair of handcuffs, it both limits a prisoner's ability to move his hands, and prevents access to the handcuff's keyholes." *Davis v. Peters*, 566 F.Supp.2d 790, 798 (N.D. Ill. 2008).

into the non-handicap accessible van used for transport." *Id.* Plaintiff had "to crawl and wiggle his way into the van and onto a seat," resulting in numerous injuries. *Id.*

Plaintiff named seven defendants in his third amended complaint. However, upon initial review by the Court under 28 U.S.C. § 1915, the Court only directed the Clerk of Court to issue process as to FCC correctional officer defendants Brewer, Swain, and John Doe in their individual capacities, on plaintiff's Eighth Amendment claims. All other claims were dismissed.

Sixty-four-year-old plaintiff alleges that FCC correctional officers Brewer, Swain, and John Doe were all present when plaintiff struggled for 15-30 minutes to get himself into the transport van without assistance. Brewer stood outside the van watching plaintiff struggle and provided no assistance. Swain, the van driver, sat in the driver's seat and offered no assistance. FCC correctional officer John Doe was sent to the hospital by FCC officer Jenkins to put the "black box" restraint on plaintiff. Plaintiff states that John Doe could have waited until after plaintiff was in the transport van to put the black box on him, but that John Doe chose to restrain him with the black box before being loaded into the van. John Doe then watched plaintiff struggle to get into the van without providing any assistance or removing the black box.

As a result of his struggle to get into the van while restrained, plaintiff sustained numerous injuries including scrapes and bruises to his knees, elbows, forearms, wrists, and hands. Plaintiff believes he also experienced an elevated pulse and heart rate. As of May 2019, nine months after the incident, plaintiff states that he still has bruising, numbness, pain, and possible nerve damage in his left wrist.[3] ECF No. 23 at 6-7. For relief, plaintiff seeks two million dollars in damages.

---

[3] Plaintiff states in his third amended complaint that he has not received proper medical care for the injuries he sustained as a result of the black box restraint incident. These deliberate indifference allegations (and others) were raised by plaintiff against a FCC nurse and the prison medical department in a separate lawsuit filed by plaintiff in this Court. *See Sullivan v. State of Missouri et al.*, No. 4:18-cv-1816-JMB (filed Oct. 23, 2018). That suit was dismissed on March 14, 2019, for failure to state a claim for relief. ECF No. 20.

**Dismissal Arguments of Brewer and Swain**

Defendants argue that plaintiff's third amended complaint fails to state a claim for cruel and unusual punishment under the Eighth Amendment because plaintiff does not allege a substantial risk of serious harm and his allegations are at most negligent, but not malicious or sadistic. Defendants also assert that they are protected by qualified immunity because it is not clearly established that defendants' conduct constituted cruel and unusual punishment.

**Legal Standard for Motion to Dismiss**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**Discussion**

I. Failure to State an Eighth Amendment Claim

In multiple prior Orders issued in this case, the Court discussed the Eighth Amendment's cruel and unusual punishment standard and how it applies to plaintiff's allegations here. *See* ECF Nos. 20, 22, 24. Prior to the issuance of summons to the defendants, the Court found – and still finds – that plaintiff's third amended complaint states an Eighth Amendment claim against defendants Brewer and Swain.

The Eighth Amendment's prohibition on cruel and unusual punishment, as applied to States through the fourteenth amendment, limits the conditions in which a State may confine convicted criminals. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). An Eighth Amendment violation requires satisfaction of two requirements: one objective and one subjective. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). First, when viewed objectively, the evidence must establish that the deprivation of rights was sufficiently serious. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Second, the defendant must have had a "sufficiently culpable state of mind," when the facts are examined subjectively. *Id.* In a failure-to-prevent-harm context, the Supreme Court has said that in order for an inmate to meet the first requirement, the prison official's acts or omission must result in a denial of "the minimal civilized measure of life's necessities," such that the conditions of incarceration pose a "substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at 347). For the second subjective requirement, in a prisons-condition claim which includes threats to an inmate's health and safety, the question is whether the prison officials were deliberately indifferent to a serious risk of harm to the inmate. *Irving*, 519 F.3d at 446 (citing *Farmer*, 511 U.S. at 834). A prison official is deliberately indifferent if he "knows of and disregards" a substantial risk of serious harm to an inmate. *Farmer*, 511 U.S. at 837.

Courts have found that the use of black box restraints alone, does not violate the Eighth Amendment. The Fifth Circuit held that a prison policy requiring the use of black boxes when prisoners were being transported outside the prison did not violate the Eighth Amendment. *Fulford v. King*, 692 F.2d 11, 14 (5th Cir. 1982). In so holding, the Fifth Circuit distinguished the *Fulford* plaintiff's discomfort of "numbness of the arms and temporary marks" caused by the black box, from a situation where the "prisoners are exposed to great pain or [where] any of their discomfort

is occasioned either deliberately, as punishment, or mindlessly, with indifference to the prisoners' humanity." *Id.* at 14-15.

The Eighth Circuit has expressed agreement with *Fulford* and has also held that the procedure of using a black box during transport of prisoners does not constitute cruel and unusual punishment. *Moody v. Proctor*, 986 F.2d 239, 241-42 (8th Cir. 1993). In *Moody*, an inmate plaintiff suffered pain and injuries to his wrists from being lifted several times by correctional officers into a prison van for transport while he was restrained with handcuffs and a black box. The Eighth's Circuit holding in *Moody* was premised on the fact that it had found there was "no evidence that defendants acted maliciously and sadistically, or with deliberate indifference." *Id.* (internal citations omitted).

The facts asserted by plaintiff allege that FCC correctional officers Brewer, Swain, and John Doe acted with deliberate indifference to plaintiff's humanity. Defendant officers knew of but disregarded a substantial risk of serious harm to plaintiff. According to plaintiff, the three defendants came to the local hospital with the intent to transport sixty-four-year-old plaintiff back to FCC after he received medical care; they were all present when plaintiff was restrained with a belly chain, ankle shackles, handcuffs, and a black box; they all observed plaintiff struggle, crawl, and wiggle for 15-30 minutes to get himself into the van for transport; and they all failed to offer any form of assistance to plaintiff. Plaintiff is not alleging that the use of the black box alone was cruel and unusual punishment. Instead, plaintiff asserts that the use of the black box restraint plus other restraints like the belly chain and ankle shackles on a person who had just received medical care – combined with the lack of assistance or an accessible van for transport – constituted intentionally malicious punishment or deliberate indifference.

The Court finds that plaintiff has sufficiently plead facts to survive dismissal of his claims. Plaintiff alleges that defendants' acts (or lack of actions) posed a substantial risk of harm

to him. Requiring an inmate to crawl and wiggle his way into a van for 15-30 minutes, after just completing medical treatment, could objectively constitute a lack of "reasonable measures to guarantee" plaintiff's safety or "humane conditions of confinement," as required by the Eighth Amendment. *Id.* at 832 (internal citation omitted). According to plaintiff, he was still having problems with his left wrist nine months after the transport incident. Also, defendants had the reasonable option of not putting the black box restraint on plaintiff until after he was in the van.

In addition, given plaintiff's advanced age and the fact that he had just received medical care for a blood clot in his leg, the Court finds defendants refusal to assist plaintiff into the van, adequately alleges the culpable state of mind – in that defendant's actions towards plaintiff amounted to deliberate indifference. Plaintiff has provided sufficient facts at this stage of the litigation to state an Eighth Amendment claim that is plausible on its face. *Ashcroft*, 556 U.S. at 678.

Defendants argue for dismissal of these Eighth Amendment claims based on the Eighth Circuit's holding in *Reynolds v. Dormire*, 636 F.3d 976 (2011). In that case, *pro se* prisoner plaintiff had his legs shackled and arms secured with a black box when he had to get out of a transport van, unassisted, that was parked about three feet from a five-foot-deep sally port pit. *Id.* at 980. Plaintiff fell into the pit and sustained injuries. *Id.* at 979. Although the court of appeals dismissed some of plaintiff's claims in *Reynolds*, the Court did find that plaintiff stated sufficient factual allegations against two correctional officers – the officer driving the van and the officer supervising the prisoners exiting the van – to state a claim for relief under the Eighth Amendment. *Id.* at 980. Defendants here argue that, unlike those officers in *Reynolds*, their actions only rise to a level of mere negligence. ECF No. 33 at 10-13. The Court finds that *Reynolds* does not support dismissal at this stage of the proceeding.

Similar to the correctional officers in *Reynolds*, the defendants here failed to help the plaintiff from a known risk of injury. *Id.* at 980-81. Although there is no pit at issue here, defendants in this case failed to help sixty-four-year-old plaintiff, who had just received medical care at the hospital, for up to 30-minutes while he struggled and injured himself. Taking these allegations as true and drawing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff has sufficiently alleged that defendants were aware of a substantial risk to his safety and they recklessly disregarded that risk by failing to help him into the van.

II.     Qualified Immunity

Qualified immunity protects officials who acted in an objectively reasonable manner, shielding them from liability when their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would not have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether a defendant is entitled to qualified immunity, courts consider: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and if so (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If a reasonable fact finder could answer both questions in the affirmative, the defendant is entitled to qualified immunity. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

In this case, there is no dispute that the Eighth Amendment's prohibition on cruel and unusual punishment was well established at the time of the incident at issue. The question is whether a reasonable officer would consider it deliberate indifference to watch (and provide no assistance to) a sixty-four-year-old man, who had just received hospital medical services for a blood clot in his leg, struggle for 15-30 minutes to get into a van while his arms and legs are chained and shackled, resulting in injuries to himself. Plaintiff also points out that there were

available alternatives to avoiding this situation, including that the correctional officers could have waited to put the black box restraint on him until after he was in the van, they could have provided a handicap van for transport, or they could have provided a step stool. Viewing the allegations in a light most favorable to plaintiff, the Court finds that a reasonable person could find the actions of the defendants deliberately indifferent. At this stage of the litigation, defendants have failed to demonstrate that they are entitled to qualified immunity on plaintiff's allegations of cruel and unusual punishment under the Eighth Amendment.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss of defendants Brewer and Swain [ECF No. 32] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall change the docket sheet in this matter to reflect the correct names for defendants. "Unknown Brewer" shall be corrected to "Michael W. Brewer" and "Unknown Swan" to "Sheila L. Swain."

**IT IS FURTHER ORDERED** that the Clerk of the Court shall amend the caption of this case to read as follows:

> John J. Sullivan, plaintiff, v. Michael W. Brewer, et al., defendants, Case No. 4:18-CV-1578-ACL.

The parties shall use the amended caption on all future filings.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall change the short title of this case to read Sullivan v. Brewer, et al.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of March, 2020.