UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN J. SULLIVAN, )
Plaintiff, )
vs. )
JACOB BREWER, et al., ) Case No. 4:18 CV 1578 ACL
Defendants. )

**MEMORANDUM AND ORDER**

Plaintiff John J. Sullivan, an inmate at Farmington Correctional Center ("FCC"), filed this action under 42 U.S.C. § 1983, alleging FCC correctional officers violated his Eighth Amendment rights. Presently pending before the Court are the parties' cross motions for summary judgment. (Docs. 45, 76, 79.) These motions are fully briefed and ripe for disposition.

## I. Background

The Third Amended Complaint names seven employees of the Missouri Department of Corrections ("MDOC") as defendants. (Doc. 23.) The Court dismissed four named defendants for failure to state a claim, and dismissed Defendant John Doe due to the parties' failure to identify this defendant. (Docs. 26, 71.) The only defendants that remain are Jacob Brewer and Sheila Swain, both of which were corrections officers at FCC at the time of the occurrence on August 19, 2018.

Sullivan alleges that Defendants acted maliciously and sadistically or with deliberate indifference when they failed to assist Sullivan into a medical transport van, which caused him to sustain injuries.

On September 3, 2020, Sullivan filed his first Motion for Summary Judgment. (Doc. 45.) Defendants filed a Response, in which they argue Plaintiff's Motion is improper, because Plaintiff did not file a memorandum in support or statement of uncontroverted material facts.

Defendants filed a Motion for Summary Judgment on April 12, 2021. (Doc. 76.) Defendants argue that they are entitled to judgment as a matter of law because Sullivan failed to properly exhaust his administrative remedies. They further argue that Sullivan fails to connect either Defendant to evidence of acting either maliciously and sadistically with intent to cause harm or with deliberate indifference to Plaintiff's health and safety.

In response, Plaintiff filed a second Motion for Summary Judgment. (Doc. 79.) Defendants argue that Plaintiff's second Motion for Summary Judgment should be denied, because he has again failed to include a statement of uncontroverted material facts or otherwise support his allegations. (Doc. 82.)

## II. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita 333Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine issue of material fact is not the "mere existence of some alleged factual dispute between the parties." *State Auto. Ins. Co. v. Lawrence,* 358 F.3d 982, 985 (8th Cir. 2004). "Instead, the dispute must be outcome determinative under prevailing law." *Mosley v. City of Northwoods,* 415 F.3d 908, 910-11 (8th Cir. 2005) (internal quotations

omitted). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Sullivan's status as a *pro se* prisoner does not excuse him from responding to Defendants' Motion "with specific factual support for his claims to avoid summary judgment," or from complying with local rules. *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001).

As previously noted, Plaintiff did not file a Statement of Uncontroverted Material Fact ("SOF") with either of his motions for summary judgment, nor did he provide citations to the record in support of his motions. Instead, Plaintiff merely reiterates the allegations contained in his Third Amended Complaint as if they were self-proving. Because Plaintiff failed to support his allegations, he has not demonstrated entitlement to judgment as a matter of law. As such, his motions will be denied.

## III. Facts

As an initial matter, the Court must address which facts are before it for purposes of summary judgment. Defendants, in support of their Motion for Summary Judgment, provided a SOF that made specific references to various attached exhibits. (Docs. 77, 78-1, 78-2, 78-3,78-4.) Plaintiff did not file a response to Defendants' SOF, nor did he file a Response to Defendants' Motion for Summary Judgment. He did file a document titled "Memorandum of Plaintiff's Reply to Defendants' Motion in Opposition to Plaintiff's Motion for Summary Judgment" (Doc. 84), in which he addresses some of the arguments Defendants make in their Motion for Summary Judgment.

Federal Rule of Civil Procedure 56(c)(1) requires that a party asserting that there is a genuine dispute of fact support that assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

declarations, stipulations..., admissions, interrogatory answers, or other materials." The moving party's SOFs are deemed admitted if the opposing party does not controvert those facts with specific references to the record as required by Fed. R. Civ. P. 56(c)(1). *Freeman v. Adams*, No. 1:12-cv-86-SNLJ, 2014 WL 1056760, at *5 n. 4 (E.D. Mo. Mar. 19, 2014); Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may...consider the fact undisputed for purposes of the motion."). Likewise, under the Local Rules of the District Court for the Eastern District of Missouri, all matters set forth in an SOF shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party. *See* L.R. 4.01(E).

While the Court acknowledges that Plaintiff is representing himself in this matter, he is not excused from complying with the procedural requirements of this case. *See Meehan v. United Consumers Club Franchising Corp*., 312 F.3d 909, 914 (8th Cir. 2002) ("All civil litigants are required to follow applicable procedural rules."); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) ("A pro se litigant is bound by the litigation rules as is a lawyer...."); *Silberstein v. Internal Revenue Serv*., 16 F.3d 585, 860 (8th Cir. 1994) ("[L]ocal rules...are binding on the parties."). Where Plaintiff provided references in support of his own claims or to dispute Defendants' version of events, the Court will take the facts in the light most favorable to Plaintiff. *See Littrell v. City of Kansas City*, 459 F.3d 918, 921 (8th Cir. 2006). But any facts in the SOF not controverted with specific citations to the record are deemed admitted by Plaintiff. *See Jones v. United Parcel Serv., Inc.*, 461 F.3d 982, 991 (8th Cir. 2006) (concluding district court properly deemed facts admitted that the opposing party failed to controvert). With that in mind, the Court turns to the facts.

Sullivan is currently and was at all times relevant to his claim an inmate at FCC. Defendant Jacob Brewer was a Corrections Officer I ("COI") at FCC at the time of the occurrence and Defendant Sheila Swain was a Corrections Officer II ("COII"). On August 19, 2018, Sullivan was transported from a hospital where he received treatment back to FCC. Defendants Brewer and Swain were present during this transfer. Neither Brewer nor Swain was present when Sullivan was taken to the hospital for treatment prior to August 19, 2018. Sullivan did not tell Brewer or Swain that he would have difficulty getting into the transport van on his own, nor did he tell them that he was in pain at any time while he was getting into the van. Sullivan did not ask for help while getting into the transport van.

## IV. Defendants' Motion

Defendants first argue that Sullivan failed to properly exhaust his administrative remedies, as required by the Prison Litigation Reform Act. They next argue that Sullivan failed to show Defendants acted either maliciously and sadistically with intent to cause harm, or with deliberate indifference to Sullivan's health and safety.

### A. Exhaustion

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies before filing a § 1983 action: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v.*

*Bock*, 549 U.S. 199, 219 (2007). The PLRA's exhaustion requirement is "mandatory." *Woodford v. Ngo, 548 U.S. 81, 85 (2006). Bock*, 549 U.S. 199, 219 (2007).

The grievance procedure for the MDOC consists of three steps defined in policy D5-3.2 "Offender Grievance," effective January 1, 2015. (Doc. 78-2.) First, the inmate must file an Informal Resolution Request ("IRR") within 15 days from the alleged incident. The complaint may be resolved by discussion or the grievance officer will investigate and develop a proposed response. Second, if the inmate's grievance is not resolved at the informal level, he or she may proceed to the second step and file a formal grievance. A formal grievance must be filed within seven days after the offender receives the response on the IRR form. Third, if the grievance is not resolved at the formal level, the inmate must file an appeal within seven calendar days. A grievance is not considered exhausted until the inmate completes all three steps of the grievance procedure.

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process before filing an action in federal court. *Jones*, 549 U.S. at 211, 219-20, 223-24; *Woodford,* 548 U.S. at 93-95; *Burns v. Eaton*, 752 F.3d 1136, 1141-42 (8th Cir. 2014). Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. Accordingly, the MDOC's three step grievance procedure defines the boundaries of exhaustion here.

Sullivan filed twelve grievances from July 2, 2016 through March 23, 2020. (Doc. 78-3.) Only one of these grievances—FCC-18 1157—relates to Sullivan's August 19, 2018 transport from the hospital. (Doc. 78-4.) In his IRR, Sullivan complained that he was unable to move his hands or feet due to the black box restraints, when he was forced to climb in the transport van.

*Id.* at p. 10. Sullivan received a response to his IRR indicating that mechanical restraints were applied to his wrists and ankles as a safety and security measure in accordance with institutional policy. *Id.* at p. 9. The policy provides that "[a]ll offenders being transported must be in full restraints unless supervision or medical restrictions dictate otherwise." *Id.* Sullivan filed a formal Grievance. *Id.* at 5. He received a response from a grievance officer on September 24, 2018. *Id.* at p. 8. Sullivan received a response from FCC's Warden to his Grievance on October 4, 2018. *Id.* at p. 7. The Warden denied the Grievance, noting that there was no indication Sullivan had a medical restriction limiting the use of full restraints, and that Sullivan failed to provide any evidence to support his claim that the was placed in full restraints in an attempt to hurt him or out of hate. *Id.* Sullivan filed a Grievance Appeal, dated October 30, 2018, which was received by the grievance office on November 1, 2018. *Id.* at p. 2. A Grievance Appeal Response was issued on December 19, 2018, in which Sullivan's appeal was denied. *Id.* at p. 4. The Response stated that Sullivan was "under no medical restrictions that would dictate staff not apply full restraints during transportation," and failed to "provide any additional evidence to support [his] complaint." *Id.*

Defendants argue that Sullivan failed to exhaust his administrative remedies with respect to his Eighth Amendment claim, because he did not make any claims against Brewer and Swain for deliberate indifference or acting maliciously and sadistically. They argue that, even if Sullivan did satisfy the exhaustion requirement, this claim was abandoned when Sullivan failed to timely file his Grievance Appeal. Specifically, Defendants note that Sullivan received the FCC Warden's response to his Grievance on October 4, 2018, but did not file his Grievance Appeal until October 30, 2018. Defendants argue that, because Sullivan only had seven days to file his appeal to his grievance, his untimely appeal constitutes abandonment of the Grievance.

In FCC-18 1157, Sullivan complained of the manner in which he was transported from the hospital on August 19, 2018. He stated that his transport in restraints "was a deliberate act to hurt me." (Doc. 78-4 at p. 6.) Sullivan noted that Defendants "hurt me and it was deliberit[sp]," and that it took him at least thirty minutes to get into the transport van. *Id.* The Court finds that FCC-18 1157 gave the MDOC a "fair and full opportunity to adjudicate" his Eighth Amendment claim related to his August 19, 2018 transport. *Woodford*, 548 U.S. at 90. *See also Jones v. Engle*, No. 4:18 CV 984 RWS, 2020 WL 4732047, at *2 (E.D. Mo. Aug. 14, 2020) (finding the plaintiff exhausted administrative remedies despite not specifically addressing the wrongdoing of the defendant because the grievance gave the MDOC the opportunity to adjudicate the claims against the defendant). Thus, Defendants' first argument fails.

Defendants next argue that Sullivan abandoned his claim at the grievance appeal stage by failing to submit the form within seven days of his Grievance response. While it is true Sullivan's appeal was untimely, his Grievance was denied at every administrative level of review on the merits and not for its failure to comply with MDOC's grievance procedure. Relevant here, "... all circuits that have addressed it have concluded that the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012). Because MDOC did not deny FCC-18 1157 as procedurally deficient at any stage but instead addressed it on the merits, Sullivan exhausted his claim against Defendants through FCC-18 1157. Consequently, Defendants have not established entitlement to summary judgment pursuant to the PLRA's exhaustion requirement.

**B. Merits**

Defendants first argue that they are entitled to judgment as a matter of law on Sullivan's

Eighth Amendment claim that Defendants acted maliciously and sadistically, because Sullivan fails to show evidence that there was a use of force.

Sullivan responds that he agrees with Defendants that there was no excessive use of force. He nevertheless contends that Defendants' actions "were malicious and sadistic, because Plaintiff was injured and in extreme pain which was very obvious." (Doc. 84 at p. 11.) Sullivan therefore argues that summary judgment should be granted in his favor.

"When confronted with a claim of excessive force alleging a violation of the Eighth Amendment, the core judicial inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Santiago v. Blair,* 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Hudson v. McMillian,* 503 U.S. 1, 6-7 (1992)).

Here, it is undisputed that no force was applied by either Defendant. Thus, to the extent Sullivan intends to raise an excessive force claim, Defendants are entitled to summary judgment on this claim.

Defendants next argue that Sullivan's claim based on deliberate indifference fails, as Sullivan has not shown that Defendants knew of an excessive risk to Sullivan's health and safety.

A prisoner's Eighth Amendment rights are violated if prison officials exhibit deliberate indifference to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). A claim of deliberate indifference involves both an objective and subjective standard. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The defendant's conduct must objectively rise to the level of a constitutional violation, *id.*, by depriving the plaintiff of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "For a claim ... based on a failure to prevent harm, the inmate must show that

he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer,* 511 U.S. at 834.

Under the subjective standard, an official is deliberately indifferent if she knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference. *Farmer*, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that [s]he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Thus, the Supreme Court has likened deliberate indifference to a criminal recklessness standard. *Id.* at 839; *Allard v. Baldwin*, 779 F.3d 768, 771-72 (8th Cir. 2015). "This onerous standard requires a showing 'more than negligence, more even than gross negligence,' *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008), but less than 'purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate,' *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011)." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013). Action or inaction that constitutes medical malpractice, inadvertent failure to provide adequate medical care, or simple negligence does not amount to deliberate indifference or a constitutional violation. *See Dulany v. Carnahan*, 132 F.3d 1234, 1243 (8th Cir. 1997).

Here, Sullivan has failed to demonstrate Defendants knew of an excessive risk of harm during his transport. Sullivan states that he was taken to the hospital due to elevated temperature and blood pressure, and was diagnosed with a blood clot in his left leg. (Doc. 23 at p. 5.) Although Defendants were picking Sullivan up from the hospital, they were not present when Sullivan was taken to the hospital, and there is no evidence they had any knowledge of Sullivan's medical history. Sullivan did not tell Defendants about his medical condition, and he

does not use an assistive device to walk. He testified that he did not ask Defendants for assistance, nor did he inform Defendants he was in pain during the transfer. Instead, Sullivan testified that he "shouldn't have had to" request help from Defendants. (Doc. 78-1 at p. 10.) Sullivan only spoke to Defendants after he was allegedly injured, at which time he stated, "look at my hands, look what happened." *Id.*

The undisputed facts fail to establish that Defendants knew of any excessive risk of harm. Sullivan alleges that the fact that he was injured and in pain was obvious. He presents no evidence, however, to support this allegation. Sullivan's allegations that he was injured due to Defendants' failure to assist him into the van, without knowledge that he required assistance, are akin to claims of negligence. As previously noted, actions that constitute negligence, even gross negligence, are insufficient to establish deliberate indifference. *Popoalii*, 512 F.3d at 499. Without actual evidence to refute Defendants' uncontroverted facts, Sullivan cannot defeat Defendants' motion. *See Reed v. Lear Corp.*, 556 F.3d 674, 678 (8th Cir. 2009) ("To overcome a motion for summary judgment, a Plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the Plaintiff's favor."); *Moore ex rel. Moore v. Briggs*, 381 F.3d 771 (8th Cir. 2004) (stating an analysis for summary judgment must be based on the record of evidence, not conclusory allegations of deliberate indifference).

Because Sullivan has not introduced any evidence from which a reasonable jury might find that Defendants deliberately disregarded his allegedly serious medical needs, the Court finds that Defendants are entitled to judgment as a matter of law on Sullivan's claim of deliberate indifference.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Summary Judgment (Docs. 45, 79) are **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 76) is **granted**. A separate Judgment in favor of Defendants will accompany this Memorandum and Order.

/s/ *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of July, 2021.